UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:19-CV-247-Orl-37KRS

CRAIG A. PARSEL,

    Plaintiff,
v.

ORGULLO LATINO LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, CRAIG A. PARSEL, and Defendant, ORGULLO LATINO, LLC (collectively "the Parties"), respectfully request that the Court review the resolution of Plaintiff's FLSA claims, approve the Parties' settlement of those claims, and enter an Order dismissing this action with prejudice, and in support thereof state as follows:

1. On or about December 20, 2018, Plaintiff filed this civil action alleging violations of the Fair Labor Standards Act ("FLSA").

2. Plaintiff alleges that he was not paid for all the overtime compensation which he earned, because he was paid at a straight time rate. Defendant denies that Plaintiff is entitled to any relief whatsoever and maintains that Plaintiff was fully compensated for all hours that he worked for Defendant. Nonetheless, the Parties have negotiated a compromise of Plaintiff's claims. The settlement negotiations were protracted, and a settlement was reached after the Parties investigated the matter and exchanged information. The case involves disputed issues of liability and damages, and there is no direct evidence that Plaintiff wasn't properly paid for

all hours worked.

3. The Parties stipulate that the negotiated compromise and settlement reached between them represents a fair resolution of Plaintiff's FLSA claims, as well as Plaintiff's reasonable attorneys' fees and costs, which were negotiated and agreed upon separate from the consideration Plaintiff is receiving. The settlement amount is based on the amount of time Plaintiff was employed during the statute of limitation period and the amount of time Plaintiff allegedly worked for the Defendant which he was not paid.

4. Despite the defenses to Plaintiff's claims in this matter, to avoid the costs and uncertainty of further litigation, Defendant has agreed to a compromise resolution of Plaintiff's FLSA Claims. As set forth in the attached Agreement being submitted for the Court's review, Defendant has agreed to pay Plaintiff consideration of $2,500.00 to resolve Plaintiff's underlying claims for unpaid overtime wages under the FLSA, and $3,5,00.00 to resolve Plaintiff's claims for attorneys' fees and costs under the FLSA, which was negotiated and agreed upon separate and apart from the consideration Plaintiff is receiving.. The settlement payment represents a fair amount based upon the records that were exchanged during the negotiation process.

5. Defendant desires to settle this case, even though the claims herein are defensible, for the sole purpose of ending the expense of attorneys' fees which Defendant knows will far outweigh the cost of settlement.

6. Both Plaintiff and Defendant have been represented by counsel throughout the negotiation process. The Parties agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution that should be approved by the Court.

7.  Attached hereto as Exhibit "A" is a copy of the Parties' Settlement Agreement.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with Lynn's Food, the Court's review of the attached Agreement is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

The settlement of Plaintiff's FLSA claims in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant after extensive investigation, discovery, and negotiation. To this end, Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the attached Agreement represents a reasonable compromise of Plaintiff's FLSA claims. Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. The Parties therefore respectfully submit that the attached Agreement should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

WHEREFORE, Plaintiff, CRAIG A. PARSEL and Defendant, ORGULLO LATINO, LLC., respectfully request that this Court find the settlement of Plaintiff's FLSA claims to be fair and reasonable and dismiss this action with prejudice.

Dated: April 30, 2019.

Respectfully submitted,

| | |
|---|---|
| **/s Richard D. Guadagnolo, Esq.** | **/s/ Luis A. Santos** |
| Richard D. Guadagnolo, Esq. | Luis A. Santos |
| Florida Bar No.: 109104 | Florida Bar No. 084647 |
| Noah E. Storch, Esq. | Email: lsantos@fordharrison.com |
| Florida Bar No. 0085476 | Viktoryia Johnson |
| Richard Celler Legal, P.A. | Florida Bar No. 0125545 |
| 10368 West State Road 84, Suite 103 | Email: vjohnson@fordharrison.com |
| Davie, FL 33324 | Ford Harrison, L.L.P |
| Telephone: (866) 344-9243 | 101 East Kennedy Blvd., Suite 900 |
| Facsimile: (954) 337-2771 | Tampa, Florida 33602-5133 |
| E-mail: Rich@floridaovertimelawyer.com | Telephone: (813) 261-7800 |
| 2nd Email: | Facsimile: (813) 261-7899 |
| noah@floridaovertimelawyer.com | Attorneys for Defendant |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-00247-RBD-KRS

CRAIG A. PARSEL,

    Plaintiff,

v.

ORGULLO LATINO LLC, a Florida Limited
Liability Company,

    Defendant.

_____/

## SETTLEMENT AGREEMENT AND FLSA RELEASE

This SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made by and between CRAIG A. PARSEL ("PARSEL") and ORGULLO LATINO, LLC. ("ORGULLO") (collectively referred to as the "Parties").

WHEREAS, PARSEL filed a lawsuit in the United States District Court, Middle District of Florida, Case No. 6:19-cv-247-RBD-KRS, ("Lawsuit") against ORGULLO alleging claims under the Fair Labor Standards Act ("FLSA").

WHEREAS, ORGULLO denies it owes PARSEL minimum wages or overtime compensation or violated the FLSA, or violated any other law in any way; and

WHEREAS, the parties hereto desire to settle the claims for minimum wages and overtime compensation in order to avoid the expense and distractions of litigation.

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    <u>PARSEL Release ORGULLO from All FLSA Claims.</u>

    a. PARSEL knowingly and voluntarily releases and forever discharges ORGULLO from all FLSA Claims he has or may have up to and including the Effective Date of this Agreement. The Effective Date shall be defined as the date that all Parties have executed this Agreement.

    b. If the Court approves this Agreement, PARSEL shall dismiss with prejudice his claims by filing a stipulation of dismissal with prejudice, advising the Court only that the parties have resolved the issues under the FLSA; that all counsel of record agree PARSEL has been paid for all claims under the FLSA; and further, that the fees being paid to their counsel are reasonable.

    c. ORGULLO makes no representation to PARSEL or his attorneys as to whether any Settlement Sums are subject to taxation by any federal, state, local, or other taxing authorities. PARSEL agrees to be solely and completely responsible for any taxes which he is legally responsible on the Settlement Sum to themselves or his attorneys. Moreover, PARSEL agrees to indemnify ORGULLO and hold it harmless from any taxes, penalties, or interest imposed against any Settlement Sum or as a result of any failure by PARSEL to pay any taxes for which he is legally responsible on the Settlement Sum.

2.    <u>Settlement Sum and Payments</u>.

    a. In consideration for PARSEL entering into this Agreement and complying with the promises made herein, ORGULLO shall pay PARSEL, a total sum of Two Thousand and Five Hundred Dollars ($2,500.00) ("Settlement Sum"). This Settlement Sum shall be paid as follows: within 14 days of receipt by ORGULLO'S attorney of the Agreement executed by PARSEL and completed W9s, and court approval of the Agreement (whichever is later), ORGULLO shall mail the settlement proceeds via Federal Express to Noah Storch, PARSEL's attorney. The parties agree that ORGULLO shall issue Form W-2s for PARSEL's back overtime wages and Form 1099s for the other payments made to PARSEL and his attorneys.

The payment of $2,500.00 consists of the following:

i. $1,250.00, less statutory withholdings, to PARSEL for alleged back overtime wages and $1,250.00 to PARSEL for alleged liquidated damages. PARSEL agrees to provide a current W-9 Form prior to the issuance of this check.

ii. $3,500.00 shall be made payable to Richard Celler Legal, P.A. for alleged attorney's fees and costs for which an IRS Form 1099 will be issued at the appropriate time. The law firm of Richard Celler Legal, P.A., agrees to provide a current W-9 Form prior to the issuance of this check.

iv. PARSEL understands and agrees that ORGULLO would not make these payments but for PARSEL entering into this Agreement.

In the event of any litigation arising from a breach of the Agreement, the prevailing party shall be entitled to recovery any remedy or right it or he may have at law or in equity, including but not limited to, his/its reasonable attorneys' fees and costs.

3. ORGULLO Denies Any Liability or Wrongdoing.

ORGULLO denies any liability for PARSEL's FLSA Claims. By entering into this Agreement, ORGULLO is not admitting any liability or wrongful conduct. ORGULLO has agreed to enter into this Agreement to avoid the continued cost and uncertainty from litigating.

4. No Participation in Future or Current Claims and Lawsuits.

PARSEL hereby agrees not to initiate or continue any action or proceeding or to sue ORGULLO, or to participate in the same, individually or as a member of a class or collective action, under any contract, law, or regulation, federal, state or local, pertaining in any manner whatsoever to PARSEL's alleged unpaid wages related to work he performed for ORGULLO.

5. Definitions and Release.

    a. "ORGULLO" includes its subsidiaries, predecessors, successors, affiliates, and its directors, officers, shareholders, members, employees, agents and attorneys, both individually and in their official capacities.

    b. "PARSEL" includes his heirs, executors, administrators, successors, assigns, and agents.

    c. "Claims" includes all claims and allegations in the lawsuit, and all claims and allegations that PARSEL could have brought against ORGULLO related to unpaid wages, whether known or unknown, under all federal, state, and local wage and hour laws.

PARSEL acknowledges and agrees, that after receipt of the sums referenced in paragraph 2 herein, he will have been fully and properly paid for all hours worked; is not currently aware of any facts or circumstances constituting a violation of the FLSA, except to the extent alleged in the Lawsuit; and, to the greatest extent permitted by applicable law, waives and releases any and all claims under the FLSA. The Parties acknowledge and agree that this Agreement and FLSA Release is intended to be construed as broadly as possible pursuant to the FLSA.

6.    Governing Law and Interpretation.

This Agreement and FLSA Release shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. Should any provision of this Agreement and FLSA Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, the remainder of this Agreement shall remain in full force and effect. In any claim, charge, complaint or action commenced, joined, brought on behalf of, or participated in by PARSEL related to unpaid wages, PARSEL agrees to notify the government entity or court of the existence of this Agreement and that any such claims he may have had against ORGULLO have been resolved.

7. Amendment.

This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

8. Entire Agreement.

This Agreement sets forth the entire agreement between the Parties hereto with respect to PARSEL's wage and hour claims, and fully supersedes any prior agreements or understandings between the Parties.

9. Authorization.

The persons signing this Agreement represent and warrant that they are duly authorized to execute it on behalf of the parties and to bind said parties to the terms, conditions, provisions, duties and obligations set forth herein.

10. Settlement Approval and Dismissal.

The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendant shall be entitled to return by Plaintiffs of any and all sums paid by Defendant hereunder.

11. Full Reading and Understanding; Opportunity to Consult Counsel.

PARSEL HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. PARSEL AGREES THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY HIM AND THAT IF HE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, HE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HIM BY HIS ATTORNEYS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO PARSEL ABOUT THIS AGREEMENT, OR TO INDUCE PARSEL TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. PARSEL AGREES THAT HE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT. PARSEL IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS OR MAY HAVE AGAINST ORGULLO REGARDLESS OF THE DISCOVERY OF NEW FACTS.

SPECIFICALLY, PARSEL AGREES AND UNDERSTAND THAT HE MAY NOT COMPROMISE HIS CLAIMS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT UNLESS HE HAS BEEN PAID ALL WAGES, INCLUDING MINIMUM WAGE AND OVERTIME WAGES, FOR ALL HOURS WORKED THROUGHOUT HIS EMPLOYMENT WITH ORGULLO. BY HIS SIGNATURE BELOW, PARSEL SPECIFICALLY CONFIRMS THAT WITH THE RECEIPT OF THE SETTLEMENT SUMS REFERENCED IN PARAGRAPH 2 ABOVE, HE HAS BEEN PAID ALL SUMS TO WHICH HE MIGHT HAVE AN ENTITLEMENT.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and FLSA Release as of the date set forth below:

_____          04/16/19
CRAIG PARSEL                            Date

ORGULLO LATINO, LLC.

_____          4/29/19
By:                                     Date

Its:_____