# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRAIG A. PARSEL,**

    **Plaintiff,**

**v.**                                                  **Case No:   6:19-cv-247-Orl-37LRH**

**ORGULLO LATINO LLC,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE** (Doc. No. 20)
>
> **FILED:**      **April 30, 2019**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff Craig A. Parsel filed this action in state court on December 20, 2018, alleging that Defendant Orgullo Latino LLC violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff alleged that he was entitled to unpaid overtime wages and liquidated damages. Doc. No. 1-3.

Defendant removed the case to this Court on February 7, 2019, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Doc. No. 1. On April 1, 2019, Plaintiff filed a notice of settlement. Doc. No. 19. On April 30, 2019, the parties filed a Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice. Doc. No. 20. Included with the joint motion is a copy of the parties'

fully executed Settlement Agreement and FLSA Release ("Agreement"). *Id.* at 6–12. The parties request that the Court approve the Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismiss the case with prejudice. However, the Agreement contains several provisions that prevent the undersigned from recommending approval of the parties' settlement.

First, the Agreement contains inconsistent provisions pertaining to the scope of the release. In one portion of the Agreement, Plaintiff "knowingly and voluntarily releases . . . [Defendant] from all FLSA *Claims* he has or may have up to and including the Effective Date of this Agreement." Doc. No. 20, at 7 ¶ 1a. (emphasis added). In another portion of the Agreement Plaintiff "waives and releases any and all *claims* under the FLSA." *Id.* ¶ 5 (emphasis added). In yet another portion of the Agreement, Plaintiff agrees that he intends to release "all wage and hour *claims* he has or may have against [Defendant]." *Id.* at 11 (emphasis added). The definition of "claims" includes "all claims and allegations that [Plaintiff] could have brought against [Defendant] related to unpaid wages, whether known or unknown, under all federal, state, and local wage and hour laws." *Id.* at 9 ¶ 5c. The presiding District Judge has concluded that releases in FLSA settlement agreements must be limited to the claims actually asserted in the plaintiff's complaint. *See, e.g.*, *Arguelles v. Noor Baig, Inc*., 6:16-cv-2024-Orl-37TBS, Doc. No. 19, at 2–3 (M.D. Fla. Feb. 24, 2017).

Second, the release of claims in the Agreement extends to non-parties. In the Agreement, "Orgullo" the above-named Defendant, "includes its subsidiaries, predecessors, successors, affiliates, and its directors, officers, shareholders, members, employees, agents and attorneys, both individually and in their official capacities." Doc. No. 20, at 9 ¶ 5a. As District Judge Dalton observed in *Arguelles*, No. 6:16-cv-2024-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017), "a general release may not be used to release a non-party. Even if the parties were to cabin the release to

FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party." The parties do not provide authority supporting extension of the release of Plaintiff's claims to non-parties to the Agreement.

Third, the Agreement contains a covenant not to sue. *Id.* at 8 ¶ 4. In the joint motion, the parties have not explained the propriety of including this provision in the Agreement. *See, e.g.*, *Leleux v. Covelli Family Ltd. P'ship*, No. 6:17-cv-747-Orl-37TBS, 2017 WL 5069063, at *1 (M.D. Fla. Nov. 3, 2017) (adopting recommendation to reject settlement agreement that contained, among other problematic provisions, a covenant not to sue).

Fourth, the Agreement provides that it may be modified upon express written consent of both parties. Doc. No. 20, at 10 ¶ 7. A court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

Finally, it is unclear the extent to which Plaintiff has compromised his claims. The Agreement states that Plaintiff will receive a total of $1,250.00 in unpaid wages and $1,250.00 in liquidated damages. Doc. No. 20, at 7–8 ¶ 2a. On March 25, 2019, Plaintiff filed a document titled "Plaintiff's Notice of Filing Answers to Court Interrogatories," but the document filed is merely a spreadsheet containing estimations of the damages owed and no additional explanation as required by the form attached to the Court's FLSA Scheduling Order. *See* Doc. No. 16, at 3; *see also* Doc. No. 5, at 6–7 (FLSA scheduling order Court Interrogatory form). In addition, from the spreadsheet, the total amount of damages claimed is unclear, although it appears that Plaintiff sought total unliquidated damages of either $4,426.38 or $6,039.30, and total liquidated damages of

- 3 -

- 4 -

$8,852.76.  *See* Doc. No. 16, at 3.  Accordingly, Plaintiff shall file updated answers to the Court's Interrogatories using the approved form.  *See* Doc. No. 5, at 6–7.

Based on the foregoing, the Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. No. 20) is **DENIED without prejudice**.  A renewed motion, which must be filed on or before **May 24, 2019**, shall address the issues raised by this Order.  Specifically, the parties must either file an amended settlement agreement or address in their renewed motion, with citations to authority, why the provisions in the Agreement are allowable.  It is further **ORDERED** that on or before **May 24, 2019**, Plaintiff shall file with the Court answers to the Court's Interrogatories on the form attached to the FLSA Scheduling Order.  *See* Doc. No. 5, at 6–7.

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties