**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO: 6:19-CV-247-Orl-37KRS**

CRAIG A. PARSEL,

    Plaintiff,
v.

ORGULLO LATINO LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, CRAIG A. PARSEL, and Defendant, ORGULLO LATINO, LLC (collectively "the Parties"), respectfully request that the Court review the resolution of Plaintiff's FLSA claims, approve the Parties' settlement of those claims, and enter an Order dismissing this action with prejudice, and in support thereof state as follows:

1.    On or about December 20, 2018, Plaintiff filed this civil action alleging violations of the Fair Labor Standards Act ("FLSA").

2.    Plaintiff alleges that he was not paid for all the overtime compensation which he earned, because he was paid at a straight time rate. Defendant denies that Plaintiff is entitled to any relief whatsoever and maintains that Plaintiff was fully compensated for all hours that he worked for Defendant. Nonetheless, the Parties have negotiated a compromise of Plaintiff's claims. The settlement negotiations were protracted, and a settlement was reached after the Parties investigated the matter and exchanged information which included the Plaintiff's pay and time records. The case involves disputed issues of liability and damages, and there is no

1

direct evidence that Plaintiff wasn't properly paid for all hours worked.

   3. The settlement amount is based on the amount of time Plaintiff was employed during the statute of limitation period and the amount of time Plaintiff allegedly worked for the Defendant which he was not paid.  Defendant calculated Plaintiff's potential back pay damages to equal $1,549.06[1] ($3,098.12 total with liquidated damages) based on the time records.[2] Plaintiff claimed the back pay amount should equal $3,068.16 ($6,136.32 total with liquidated damages), but does not have any evidence beyond his own testimony to support the higher number.

   4. Despite the defenses to Plaintiff's claims in this matter, to avoid the costs and uncertainty of further litigation, Defendant has agreed to a compromise resolution of Plaintiff's FLSA Claims.  As set forth in the attached Agreement being submitted for the Court's review, Defendant has agreed to pay Plaintiff consideration of $1,250 in back pay and $1,250 in liquidated damages ($2,500.00 total) to resolve Plaintiff's underlying claims for unpaid overtime wages under the FLSA, and $3,500.00 to resolve Plaintiff's claims for attorneys' fees and costs under the FLSA, which was negotiated and agreed upon separate and apart from the consideration Plaintiff is receiving.  The settlement payment represents a fair amount based upon the records that were exchanged during the negotiation process and the disputed issues of fact.

   5. Defendant desires to settle this case, even though the claims herein are defensible, for the sole purpose of ending the expense of attorneys' fees which Defendant knows will far outweigh the cost of settlement.

   6. The Parties stipulate that the negotiated compromise and settlement reached

---

[1] 280.49 overtime hours x half time rates of $5/$6 (depending on time period)
[2] Defendant takes the position that it does not owe Plaintiff this amount because it already paid it to him in cash. Plaintiff disputes this assertion.

between them represents a fair resolution of Plaintiff's FLSA claims, as well as Plaintiff's reasonable attorneys' fees and costs, which were negotiated and agreed upon separate from the consideration Plaintiff is receiving.

7. Both Plaintiff and Defendant have been represented by counsel throughout the negotiation process. The Parties agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution that should be approved by the Court.

8. Attached hereto as Exhibit "A" is a copy of the Parties' Amended Settlement Agreement.

## **MEMORANDUM OF LAW**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with Lynn's Food, the Court's review of the attached Agreement is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

The settlement of Plaintiff's FLSA claims in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant after extensive investigation, discovery, and negotiation.  To this end, Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the attached Agreement represents a reasonable compromise of Plaintiff's FLSA claims.  Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute.  The Parties therefore respectfully submit that the attached Agreement should be approved by the Court consistent with

precedent, including <u>Lynn's Food,</u> 679 F.2d at 1353.

WHEREFORE, Plaintiff, CRAIG A. PARSEL and Defendant, ORGULLO LATINO, LLC., respectfully request that this Court find the settlement of Plaintiff's FLSA claims to be fair and reasonable and dismiss this action with prejudice.

Dated: May 22nd, 2019.

Respectfully submitted,

| | |
|---|---|
| ***/s Richard D. Guadagnolo, Esq.*** | ***/s/ Luis A. Santos*** |
| Richard D. Guadagnolo, Esq. | Luis A. Santos, Esq. |
| Florida Bar No.: 109104 | Florida Bar No. 084647 |
| Noah E. Storch, Esq. | Email: lsantos@fordharrison.com |
| Florida Bar No. 0085476 | Viktoryia Johnson, Esq. |
| Richard Celler Legal, P.A. | Florida Bar No. 0125545 |
| 10368 West State Road 84, Suite 103 | Email: vjohnson@fordharrison.com |
| Davie, FL 33324 | Ford Harrison, L.L.P |
| Telephone: (866) 344-9243 | 101 East Kennedy Blvd., Suite 900 |
| Facsimile: (954) 337-2771 | Tampa, Florida 33602-5133 |
| E-mail: Rich@floridaovertimelawyer.com | Telephone: (813) 261-7800 |
| 2nd Email: | Facsimile: (813) 261-7899 |
| noah@floridaovertimelawyer.com | Attorneys for Defendant |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |