# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRAIG A. PARSEL,**

    **Plaintiff,**

**v.**                                                           **Case No: 6:19-cv-247-Orl-37LRH**

**ORGULLO LATINO LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:** May 22, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

Plaintiff Craig A. Parsel filed this action in state court on December 20, 2018, alleging that Defendant Orgullo Latino LLC violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff alleged that he was entitled to unpaid overtime wages and liquidated damages. Doc. No. 1-3. Defendant removed the case to this Court on February 7, 2019, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Doc. No. 1. Plaintiff subsequently notified the Court that the parties had reached a settlement. Doc. No. 19.

On April 30, 2019, the parties filed a joint motion to approve their settlement agreement. Doc. No. 20. I denied that motion without prejudice due to several problematic provisions in the agreement, including: (1) the agreement contained inconsistent provisions on the scope of the release; (2) the release extended to non-parties to the agreement; (3) the agreement contained a covenant not to sue; (4) the agreement contained a modification clause; and (5) it was unclear the extent to which Plaintiff had compromised his claims. Doc. No. 21. Accordingly, I ordered the parties to either file an amended settlement agreement or file a renewed motion explaining why the above provisions were permissible. *Id*. at 4. I also ordered Plaintiff to provide amended answers to the Court's Interrogatories using the approved form. *Id*. Plaintiff thereafter filed his amended answers to the Court's Interrogatories. Doc. No. 22.

On May 22, 2019, the parties filed a Renewed Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice. Doc. No. 23. The parties included with the motion a copy of their fully executed amended settlement agreement ("Agreement"). Doc. No. 23-1. In the joint motion, the parties ask that the Court approve the Agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismiss the case with prejudice. Doc. No. 23. The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute,"

of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

> • The existence of collusion behind the settlement.
> • The complexity, expense, and likely duration of the litigation.
> • The state of the proceedings and the amount of discovery completed.
> • The probability of plaintiff's success on the merits.
> • The range of possible recovery.
> • The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] The parties may demonstrate the reasonableness of the attorney fees by either: (1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**III.    ANALYSIS.**

    *A.    Whether Plaintiff Has Compromised His FLSA Claim.*

Pursuant to the Agreement, Defendant will pay Plaintiff a total of $2,500.00, representing $1,250.00 in unpaid wages and $1,250.00 in liquidated damages. Doc. No. 23-1 ¶ 2. In his amended answers to the Court's Interrogatories, Plaintiff averred that he worked approximately 246 hours of overtime. He also claimed that he was not compensated for all hours worked. Doc. No. 22-1 ¶ 6(c). He asserted that he was owed approximately $3,068.16 in unpaid wages and $3,068.16 in liquidated damages, for a total of $6,136.32. *Id.* ¶ 6(d).

Because Plaintiff will receive less under the Agreement than the amount he claimed that he was owed for his wage claim under the FLSA, Plaintiff has compromised his claim within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    *B.    Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA unpaid wage claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. Both parties were represented by counsel throughout the negotiation process. In the joint motion, the parties agree that this action involves disputed issues; they also state that there is no direct evidence that Plaintiff was not properly compensated for all hours worked. Doc. No. 23, at 1–2. Defendant calculated Plaintiff's claim of unpaid wages at potentially $1,549.06 based on its consideration of time records. *Id.* at 2. However, Defendant disputes that it owes Plaintiff any unpaid wages, claiming that it already properly compensated him in cash. *Id.* at 2, n.2. Plaintiff, on the other hand, contends that his unpaid wages equal $3,068.16, although he does not have any evidence beyond his own testimony to support his claim. *Id.* at 2. The parties agreed to compromise in this

case "to avoid the costs and uncertainty of further litigation," including further attorney's fees, which Defendant "knows will far outweigh the cost of settlement." *Id.* The parties agree that the compromise represents a fair and reasonable resolution of Plaintiff's claim. *Id.* at 3.

Because these representations adequately explain the reasons for the compromise of Plaintiff's claim, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351. Pursuant to the Agreement, Plaintiff's counsel will receive $3,500.00 for the work performed on Plaintiff's behalf. Doc. No. 23-1 ¶ 2. The parties represent that the agreement regarding attorney's fees was "negotiated and agreed upon separate from the consideration Plaintiff is receiving." Doc. No. 23, at 3.

Based on this representation, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA wage claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

*D. The Release.*

The Court must next consider whether Plaintiff's release of claims in the Agreement renders it unfair. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). The parties have removed all of the problematic provisions in the release, and the release in the Agreement reads in entirety:

> In exchange for the consideration described in paragraph 2 above, PARSEL[] releases ORGULLO from any and all FLSA claims or demands PARSEL has asserted in this action (Case No. 6:19-cv-00247-RBD-LRH), PARSEL understands and agrees that the payments set forth above are all that PARSEL is entitled to receive from ORGULLO as settlement of the above claims against ORGULLO.

Doc. No. 23-1 ¶ 4.

A release that is limited to the claims raised in a plaintiff's complaint raises no concerns under *Lynn's Food*. *See, e.g.*, *Turner v. HJB Express Freight, Inc.*, No. 6:17-cv-655-Orl-37KRS, Doc. No. 35 (M.D. Fla. May 8, 2018) (approving FLSA settlement where release was limited to claims asserted in the complaint). Accordingly, I recommend that the Court find that this release provision does not affect the reasonableness of the Agreement.

*E. Other Provisions of the Agreement.*

In the Agreement, the parties have removed the covenant not to sue and modification provisions. There are no remaining provisions that would appear to undermine the fairness of the parties' settlement.

## IV. RECOMMENDATIONS.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Renewed Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. No. 23);

2. **FIND** that the parties' Agreement (Doc. No. 23-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on June 3, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy